**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **JUAN MANRIQUEZ,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WELLS FARGO BANK, N.A. AND** | § | **CIVIL ACTION NO. _____** |
| **SUBSTITUTE TRUSTEE WILLIAM D.** | § | |
| **LEREW,** | § | |
| | § | |
| *Defendants.* | § | |

---

### NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") removes this action from the County Court at Law No. 6 of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division, as follows:

### I.    STATE COURT ACTION

1.    On October 1, 2018, Plaintiff Juan Manriquez ("Plaintiff") filed *Plaintiff's Original Petition and Request for Temporary Restraining Order* (the "Petition") in the County Court at Law No. 6 of Hidalgo County, Texas, styled: *Juan Manriquez v. Wells Fargo Bank, N.A. and Substitute Trustee William D. Lerew*, Cause No. CL-18-5571-F (the "State Court Action").

2.    In the State Court Action, Plaintiff admits he is in default on his mortgage loan, but alleges that Wells Fargo failed to send proper foreclosure notices and waived its ability to

accelerate the note by accepting late payments.[1]  Based on these allegations, Plaintiff asserts claims for breach of contract and "waiver."  Plaintiff seeks actual damages and attorney's fees. In addition, Plaintiff seeks injunctive relief to preclude the foreclosure sale of the real property with the following legal description:

> Lots Eight (8), Block Nineteen (19), Balboa Acres, An Addition to the City of McAllen, Hidalgo County, Texas, according to the map or plat thereof recorded in Volume 14, Page 31, Map Records, Hidalgo County, Texas, reference to which is here made for all purposes. [sic]

*See* Petition (Ex. D-1), § V.C.

3.    The Deed of Trust encumbers the real property with the following legal description, which includes *both* Lot 8 and Lot 9:

> All of Lots Eight (8) and Nine (9), Block Nineteen, Balboa Acres, An Addition to the City of McAllen, Hidalgo County, Texas, according to the map or plat thereof recorded in Volume 14, Page 31, Map Records, Hidalgo County, Texas

(the "Property"), which is commonly known as 3009 and 3013 Daytona Ave., McAllen, Texas 78503.  *See* Deed of Trust (Ex. F).  As such, any foreclosure of the Property necessarily includes both Lot 8 and Lot 9.

4.    Wells Fargo has not yet been served.  *See* State Court Docket Sheet (Ex. D) (no citation issued to Wells Fargo).  Therefore, this Notice of Removal is timely under 28 U.S.C. §§ 1446(b)(1), 1446(b)(2)(B).

---

[1] This is the fourth foreclosure-prevention lawsuit against Wells Fargo relating to the Property.  In the first lawsuit, Plaintiff and his wife Norma Manriquez sued alleging that Wells Fargo waived its right to insist on timely payments, waived its right to accelerate based on late payments, and "misused" the loan modification process.  The Court granted Wells Fargo's motion for summary judgment and dismissed the first lawsuit with prejudice on March 16, 2017.  *See Juan Manriquez, et al. v. Wells Fargo Bank, N.A.*, Civil Action No. 7:16-cv-00126 (S.D. Tex.), at ECF 16 & 17 (Order and Final Judgment).  Plaintiff and his wife then filed a second lawsuit in January 2018, alleging that Wells Fargo instructed them to not make payments while they applied for a loan modification.  The Court dismissed the second lawsuit with prejudice under Rule 12(b)(6) on March 19, 2018.  *See Juan Manriquez, et al. v. Wells Fargo Bank, N.A.*, Civil Action No. 7:18-cv-00012 (S.D. Tex.), at ECF 14 & 15 (Order and Final Judgment).  In June 2018, Norma Manriquez sued a third time, making the same allegations that are pled in the current lawsuit. The court dismissed the last lawsuit with prejudice.  *See Norma Manriquez v. Wells Fargo Bank, N.A., et al.*, Civil Action No. 7:18-cv-00187 (S.D. Tex.), at ECF 13 & 14 (Opinion and Final Judgment).

5.      No consent is required from co-defendant William D. Lerew, who has been named in his capacity as Substitute Trustee (the "Substitute Trustee"), because he is a nominal party that has been improperly joined and because he has not been served.  *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988); *HDNet MMA 2008 v. Zuffa, LLC*, No. 3:08-CV-0442-G, 2008 WL 958067, at *3 n. 5 (N.D. Tex. Apr. 9, 2008); *Rossy v. BAC Home Loans Servicing LP*, No. 4:10-cv-444, 2010 WL 5889889, at *2 (E.D. Tex. Nov. 10, 2010); *Torres v. Trans Health Mgmt., Inc.*, 509 F. Supp. 2d 628, 630 n.1 (W.D. Tex. 2006).

6.      Wells Fargo removes the State Court Action to this Court on the basis of diversity jurisdiction.

## II.      PROCEDURAL REQUIREMENTS

7.      This action is properly removed to this Court, as the lawsuit is pending within the district and division.  *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(7).

8.      The United States District Court for the Southern District of Texas, McAllen Division, has original jurisdiction over this action based on diversity jurisdiction because Defendant is now, and was at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount. *See* 28 U.S.C. § 1332(a).

9.      Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule CV-81, this Notice of Removal is accompanied by copies of the following materials:

| | |
|---|---|
| **Exhibit A** | Index of Matters Being Filed |
| **Exhibit B** | Civil Cover Sheet |
| **Exhibit C** | List of all Counsel of Record |
| **Exhibit D** | State Court docket sheet |
| **Exhibit D-1** | Plaintiff's Original Petition |

| Exhibit D-2 | Temporary Restraining Order, Signed |
| Exhibit D-3 | Order Granting Affidavit of Inability to Afford Costs, Signed |
| Exhibit D-4 | Return of Service, TRO (Substitute Trustee) |
| Exhibit D-5 | Return of Service, Citation (Substitute Trustee) |
| Exhibit E | Hidalgo County Appraisal District property information for Lot 8 and Lot 9 |
| Exhibit F | Deed of Trust |

10.     In connection with the filing of this Notice of Removal, Defendant is filing a copy of the Notice of Removal in the County Court at Law No. 6 of Hidalgo County, Texas pursuant to 28 U.S.C. § 1446(d).

## III.    DIVERSITY JURISDICTION

11.     Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Defendant, and the citizenship of the Substitute Trustee can be disregarded on the grounds of improper joinder. Additionally, this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs.

### A.    COMPLETELY DIVERSITY EXISTS

12.     Plaintiff is a natural person, so his citizenship for diversity purposes is determined by "where [he has] domiciled, that is, where [he has] a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Plaintiff is domiciled in Hidalgo County, Texas. *See* Petition (Ex. D-1), § III. Therefore, Plaintiff is a citizen of Texas for diversity purposes.

13.     Wells Fargo is a national banking association organized under federal law.  A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located."  *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).  Under its articles of association, Wells Fargo's main office is located in South Dakota.  Therefore, Wells Fargo is a citizen of South Dakota for diversity purposes.  28 U.S.C. § 1348; *Wachovia Bank*, 546 U.S. at 307.

## B.     THE SUBSTITUTE TRUSTEE WAS IMPROPERLY JOINED AND HIS CITIZENSHIP SHOULD BE DISREGARDED

14.     Plaintiff is suing William D. Lerew in his capacity as Substitute Trustee.  *See* Petition (Ex. D-1), *generally*.  Although the Substitute Trustee is believed to be a citizen of Texas, his citizenship should be disregarded for diversity purposes because Plaintiff improperly joined the Substitute Trustee to this lawsuit.  *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *see also Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). A removing party establishes improper joinder by showing that the plaintiff cannot establish a cause of action against the non-diverse defendant under state law.  *Larroquette*, 466 F.3d at 376. This requires the Court to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant."  *Id.*  A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal.  *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

15.     Whether the plaintiff has alleged a valid cause of action "depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery."  *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999).  A plaintiff must at least state "specific actionable conduct" sufficient to support a cause of action against a non-diverse defendant.  *See id.* at 699.  "A mere formulaic recitation of the elements of a cause of action asserted against a

non-diverse defendant is not sufficient under this standard." *Felder v. Countrywide Home Loans*, No. CIV.A. H-13-0282, 2013 WL 6805843, at \*4 (S.D. Tex. Dec. 20, 2013).

16.     "[C]ourts routinely hold that the mere inclusion of a non-diverse trustee as a nominal party will not defeat diversity jurisdiction." *Mendez v. Wells Fargo Bank, N.A.*, No. SA-14-CV-326-XR, 2014 WL 1923056, at \*2 (W.D. Tex. May 13, 2014); *see also Eisenberg v. Deutsche Bank Trust Co. Ams.*, No. SA-11-CV-384-XR, 2011 WL 2636135, at \*4 (W.D. Tex. July 5, 2011) ("Texas law recognizes that a trustee named solely in his or her capacity as trustee under a deed of trust or security instrument is not a necessary party in a suit to prevent a foreclosure."); *Turner v. JP Morgan Chase Bank, N.A.*, No. 3:12-CV-2701, 2013 WL 2896883, at \*3 (N.D. Tex. Jun. 13, 2013) (trustee named solely in action to enjoin foreclosure is a nominal party whose presence does not affect diversity jurisdiction); TEX. PROP. CODE § 51.007 (providing procedure for dismissal of causes of action asserted against trustees solely in their capacity as trustees under a deed of trust, contract lien, or security instrument).

17.     In addition, the Texas Property Code provides a safe harbor for substitute trustees. *See* TEX. PROP. CODE § 51.007(f). "Courts considering the good faith element of § 51.007(f) have generally held that '§ 51.007(f) imposes a substantive pleading requirement on a plaintiff seeking to recover against a substitute trustee.'" *Williams v. Wells Fargo Bank*, 4:13-CV-825, 2014 WL 1024003, at \*5 (S.D. Tex. Mar. 13, 2014) (citing *Felder v. Countrywide Home Loans*, No. H–13–0282, 2013 WL 6805843, at \*5 (S.D. Tex. Dec. 20, 2013); *Cantor v. Wachovia Mortg., FSB,* 641 F. Supp. 2d 602, 611 (N.D. Tex. 2009)). "Where the plaintiff did not allege bad faith on the part of the defendant, courts have held that substitute trustees were improperly joined for the purposes of establishing diversity jurisdiction." *Williams*, 2014 WL 1024003, at \*5 (quoting *Purported Lien or Claim Against Bond v. Barrett Daffin Frappier Turner & Engel, LLP,* No. G–12–188, 2013 WL 1619691, at \*3 (S.D. Tex. March 22, 2013) (aggregating cases)).

*See also Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x. 274, 277 (5th Cir. 2014) (holding that the substitute trustee "was improperly joined because the Texas Property Code creates a qualified immunity for mortgage trustees who make good faith errors" and plaintiff did not allege bad faith so had no reasonable basis for recovery) (citing TEX. PROP. CODE § 51.007(f)).

18.     Here, Plaintiff does not plead any factual allegations in the Petition that would suggest bad faith on the part of the Substitute Trustee.  There are simply no factual allegations supporting the conclusion that the Substitute Trustee was not acting in good faith when he acted at the request of Wells Fargo.  "Therefore, the Substitute Trustee[] cannot be liable for any error they may have made which contributed to the alleged . . . violation of Property Code, or wrongful foreclosure," *Williams*, 2014 WL 1024003, at *5, and Plaintiff has no plausible basis to recover against him.  The mere fact that Plaintiff seeks injunctive relief, which would presumably enjoin the Substitute Trustee from acting, does not preclude a finding of improper joinder because injunctive relief is dependent on an underlying cause of action.  *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010).

19.     Consequently, Plaintiff does not raise the "theoretical possibility" that any cause of action could be maintained against the Substitute Trustee.  *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259-60 and n.8 (5th Cir. 1995) (citation omitted) (affirming denial of motion to remand, in part, on grounds that the plaintiff's complaint did not contain allegations which could support a claim against the non-diverse defendant); *see also Cantor v. Wachovia Mortgage, FSB*, 641 F. Supp. 2d 602, 611-12 (N.D. Tex. 2009) (denying remand and disregarding the citizenship of the defendant trustee upon a finding that no reasonable basis existed for plaintiff's recovery against the trustee).  Therefore, the Substitute Trustee has been improperly joined and his citizenship should be disregarded for removal purposes. *Great Plains*

*Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (holding that where non-diverse defendant is improperly joined, case is properly in federal court).

      C.    **AMOUNT IN CONTROVERSY**

     20.    Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

     21.    "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 341(5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010). Specifically, the *Farkas* Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.* (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortgage LLC v. Knox*, No. 08-60887, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C.,* 541 F. App'x. 340, 342 n.2, (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 F. App'x 8, 9 (5th Cir.

2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

22.     Based on a review of the Petition and the evidence presented, the amount in controversy exceeds $75,000, exclusive of interest and costs.  If granted, Plaintiff's request for injunctive relief would preclude foreclosure of the Property.  As a result, the entire value of the Property is squarely at issue.  *See Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *Nationstar Mortgage LLC*, 351 F. App'x at 848; *Martinez*, 777 F. Supp. 2d at 1047; *Waller*, 296 F.2d at 547-48.  According to the Hidalgo County Appraisal District, the current tax assessed value of the Property is $199,424.[2]  *See* Ex. E.  Thus, the amount in controversy exceeds $75,000, exclusive of interest and costs.

23.     Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Therefore, removal is proper.

## VI.     CONCLUSION

WHEREFORE, Defendant Wells Fargo Bank, N.A. removes this action from the County Court at Law No. 6 of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant respectfully request that the Court take judicial notice of the Hidalgo County Appraisal District valuation for the Property.

Respectfully submitted,

**LOCKE LORD LLP**

*/s/ Robert T. Mowrey w/perm. SHS*
**Robert T. Mowrey (Attorney-in-Charge)**
  State Bar No. 14607500
  S.D. Bar No. 9529
  rmowrey@lockelord.com
**Marc D. Cabrera**
  State Bar No. 24069453
  S.D. Bar No. 1093318
  mcabrera@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (facsimile)

**Sahar H. Shirazi**
  State Bar No. 24085809
  S.D. Bar No. 2149563
  sahar.shirazi@lockelord.com
JP Morgan Chase Tower
600 Travis Street, Suite 2800
Houston, Texas  77002
Telephone: (713) 226-1200
Facsimile:  (713) 223-3717

**COUNSEL FOR DEFENDANT**
**WELLS FARGO BANK, N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on October 12, 2018, on the following via CMRRR pursuant to the Federal Rules of Civil Procedure:

Juan Manriquez
3013 Daytona Ave.
McAllen, Texas 78503
*Pro Se Plaintiff*

*/s/ Sahar H. Shirazi*
Sahar H. Shirazi